UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HAROLD E. GRIST, JR.,<br>Petitioner,<br>v.<br>WARDEN CARVER,<br>Respondent. | Case No. 1:26-cv-00092-REP<br>**SUCCESSIVE REVIEW ORDER** |

On February 7, 2026 (mailbox rule), Petitioner Harold E. Grist, Jr. filed a Petition for Writ of Habeas Corpus challenging his Idaho state court convictions. *See* Dkt. 3. The Court previously reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") and determined that the Petition appeared subject to summary dismissal as untimely. *Initial Review Order,* Dkt. 6. The Court gave Petitioner an opportunity to file an amended petition, which Petitioner has now done. *See* Dkt. 7.

The Amended Petition does not address the Court's timeliness analysis other than to state that Petitioner was unaware of the statute of limitations. *Id*. at 7. However, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the statute of limitations. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

**ACCORDINGLY, IT IS ORDERED:**

1. Petitioner's Amended Petition for Writ of Habeas Corpus (Dkt. 7) is DISMISSED with prejudice as untimely.[1] *See* 28 U.S.C. § 2244(d).

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: October 6, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 5.